WILLIAM A. and ELAINE I. ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 11907-78.
United States Tax Court
T.C. Memo 1981-565; 1981 Tax Ct. Memo LEXIS 167; 42 T.C.M. (CCH) 1282; T.C.M. (RIA) 81565; September 30, 1981. *167 William A. Anderson, pro se. Mark S. Feuer, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 1,682.40 for the taxable year 1974. The only issue is whether petitioners are entitled to itemized deductions rather than the standard deduction. FINDINGS OF FACT The parties' stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners are husband and wife and resided in Ravenswood, West Virginia, at the time they filed their petition in this case. They timely filed their joint Federal income tax return for calendar year 1974 with the Internal Revenue Service Center at Memphis, Tennessee. That return reported wages from their jobs and losses from their two businesses, Ravenswood Taxi Service and Ravenswood Texaco Service. Petitioners claimed two personal exemptions and the standard deduction on their return. By statutory notice of deficiency, dated July 19, 1978, respondent determined that petitioners had overstated their loss from *168 their businesses by $ 10,539.08. Respondent also allowed petitioners an additional dependency exemption not claimed on their return and the standard deduction of $ 2,000. * The parties have stipulated in detail as to how petitioners computed the gross receipts and cost of goods sold for their businesses and how respondent determined those items. Those details need not be repeated here. OPINION At the trial petitioner William A. Anderson, appearing for himself and his wife, conceded the correctness of the adjustments made by respondent in the statutory notice. However, he asserted that he and his wife were entitled to itemized deductions in an amount greater than the standard deduction of $ 2,000. He specifically mentioned charitable contributions, interest, *169 and gasoline taxes, but he presented no evidence to substantiate the amount of any item. He testified that he had "bushel baskets of documents" and the record was left open to permit petitioners to produce substantiating evidence. Nothing has been received by the Court. Deductions are a matter of legislative grade, and the taxpayer has the burden of proof and must establish that he is entitled to the deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have not submitted any evidence in regard to itemized deductions, and the Court has no choice except to sustain respondent's determination without change. Decision will be entered for respondent. Footnotes
*. On their tax return, petitioners checked the lines for both itemized deductions and the standard deduction. However, they entered a figure of $ 422.69 (15% of reported adjusted gross income of $ 2,817.98), which was the proper standard deduction for the adjusted gross income reported on their return. The amount of $ 2,000 is the proper standard deduction for their adjusted gross income as determined by respondent.↩